STATE OF RHODE ISLAND                       SUPERIOR COURT
PROVIDENCE, SC.

EDDY STREET, LLC                  :
        Plaintiff,                         :
     VS.                           :      P.C. NO. 2016-3281
                                 :
NAUTILUS INSURANCE COMPANY  :
        Defendant.                   :

## COMPLAINT

This is a judgment-creditor's direct action against an insurance company to garnish a comprehensive general liability insurance policy pursuant to RIGL § 27-7-2.

### Parties, Jurisdiction, and Venue

1. Plaintiff Eddy Street, LLC ("Eddy") is Rhode Island limited liability company with its principal place of business at 17 Virginia Avenue, Suite 100, Providence, Rhode Island. Eddy is a judgment-creditor of T.R. Lynch Construction LLC ("Lynch"), a Rhode Island limited liability company that was insured by Defendant.

2. Defendant Nautilus Insurance Company ("Nautilus") is a registered surplus lines insurance company with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona. Nautilus is a citizen of Arizona, except that for purposes of determining federal diversity jurisdiction, Nautilus is deemed also to be a citizen of Rhode Island pursuant to 28 U.S.C. § 1332(c) based on Lynch's citizenship.

3. This Court has jurisdiction over the subject matter of this action pursuant to RIGL § 8-2-14, as the amount in controversy exceeds $10,000. This Court has general and specific jurisdiction over the Defendant based on its contacts within the State of Rhode Island, as

more particularly set forth herein, and long-arm jurisdiction over the Defendant pursuant to RIGL § 9-5-33.

4. Venue is proper in this county pursuant to RIGL § 9-4-4.

### Facts Common to All Counts

5. Eddy is the owner of the property formerly known as 1200 Eddy Street, and now known as 245 Chapman Street, in Providence, Rhode Island (the "Property").

6. T.R. Lynch Construction, LLC is a local construction company that was insured under Nautilus Commercial General Liability Policy # NN140901 (the "CGL Policy"). A true copy of the CGL Policy is attached as Exhibit A and is incorporated in this Complaint by reference as if fully set forth herein.

7. In or about May or June 2011, prior to Eddy's purchase of the Property, Lynch installed a new roof on the commercial office building located at the Property pursuant to a contract with the prior owner. Lynch's workmanship, and/or that of one or more of its subcontractors, was defective. The roof leaked and required immediate replacement.

8. In or about November 2011, Eddy put Lynch on notice of a potential claim against Lynch for defective workmanship. Lynch, in turn, put Nautilus on notice of Eddy's potential claim. Eddy also put Nautilus on notice of its claim directly and invited Nautilus to inspect the condition of the roof and to preserve evidence, which Nautilus did.

9. Nautilus designated the Eddy matter as "Claim # 10058570." On information and belief, Nautilus also engaged Robert Emerson of New England Multi-Line Adjusters to investigate Eddy's claims and the condition of the roof and to ascertain facts that would enable Nautilus to determine whether Eddy's claims were covered by the CGL policy.

10. On February 27, 2012, Eddy asserted a civil action against Lynch in this Court arising out of the defective installation of the roof. That action was styled <u>Eddy LLC v. T.R. Lynch Construction, LLC</u>. P.C. No. 12-1072 (the "Liability Action"). Lynch and Eddy both put Nautilus on notice of the Liability Action. Lynch timely and repeatedly demanded coverage under the CGL Policy and that Nautilus defend and indemnify it against Eddy's claim.

11. Through its investigation prior to Eddy filing suit, Nautilus discovered, among other facts pertinent to the coverage issue, that: (1) the work alleged to have been defective was performed by a Lynch subcontractor rather than Lynch itself, and thus, the claim did not arise out of Lynch's own work, and (2) that the underlying contract between Lynch and the prior owner had been amended to provide for 0.045 mil rubber thickness. These facts were not known to Eddy at the time that it filed suit nor disclosed by Lynch to Eddy during discovery in the Liability Action.

12. Despite knowledge of these facts, and rather than defend and indemnify Lynch, or even defend Lynch under a reservation of rights, Nautilus altogether denied coverage under the Policy and refused to defend or indemnify Lynch in the Liability Action. Nautilus set forth is reasons for denying coverage in a letter dated February 3, 2012, attached hereto as <u>Exhibit B</u>. Nautilus' denial of coverage was predicated on two stated grounds: (1) there had not been a "property damage" arising from an "occurrence" within the meaning of the CGL Policy, and (2) the claim was excluded by the "Your Work" exclusion set forth in the "products completed operations hazard" section of the CGL Policy. Nautilus took these positions notwithstanding its pre-suit investigation. Nautilus communicated its coverage position to Eddy.

13. Later, at Lynch's request, Nautilus revisited its coverage decision and, by letter dated May 7, 2012, advised that it stood by its denial of coverage.

3

14. Subsequently, on October 2, 2012, Nautilus received a supplemental opinion from coverage counsel that, taking into account the facts set forth in Paragraph 11 above and additional materials, advised against denying coverage based on "Your Work" exclusion because the work may have been performed by a Lynch subcontractor rather than Lynch itself. Coverage counsel opined at that time that the only recommended ground for denying coverage was that faulty workmanship does not constitute, an "occurrence" or "property damage." A true copy of Adler Pollock & Sheehan's supplemental opinion letter dated October 2, 2012 is attached hereto as <u>Exhibit C</u>. Nautilus did not communicate to Lynch or Eddy any revision of its denial of coverage at that time.

15. On April 23, 2015, Eddy obtained a judgment against Lynch (hereinafter the "Lynch Judgment") in the principal amount of $189,916.00, plus prejudgment interest in the amount of $71,856.62, and $250.00 in taxable costs for a total judgment of $262,022.62, with post-judgment interest thereafter accruing pursuant to RIGL §§ 9-21-8 and 9-21-10.

## Count I
### (RIGL § 27-7-2)

16. Plaintiff repeats the allegations set forth in Paragraph 1 through 13 as if set forth fully herein.

17. Nautilus was obligated under the coverage terms of the CGL Policy to defend and indemnify Lynch against the claims made in the Liability Action.

18. Nautilus wrongly denied coverage under the CGL Policy.

19. The circumstances of the Liability Action required that Nautilus defend and, pertinent here, indemnify Lynch against any loss.

20. Eddy obtained a judgment against Lynch in the Liability Action and, consequently, pursuant to RIGL § 27-7-2, Nautilus is liable to Eddy under the CGL Policy for the full amount of the Lynch Judgment, including all accrued pre- and post-judgment interest thereon.

WHEREFORE, Plaintiff respectfully prays that that this Court garnish Nautilus Commercial General Liability Policy # NN140901 pursuant to RIGL §27-7-2, enter judgment against the Defendant for the full amount of the Lynch Judgment, and order and direct Defendant to pay the Lynch Judgment, along with accrued interest thereon, and it costs and attorneys' fees, and such other relief as this Court deems just and proper.

EDDY STREET, LLC

By its attorney,

/s/ Charles D. Blackman
Charles D. Blackman (#5522)
LEVY & BLACKMAN LLP
469 Angell Street, Suite 2
Providence, Rhode Island 02906
401.437-6900 TEL
401.632-4695 FAX
cblackman@levyblackman.com